UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE CHESTER, #314909,

       Petitioner,

v.                                       CASE NO. 2:13-CV-14778
                                          HONORABLE NANCY G. EDMUNDS

MILLICENT WARREN,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

      Michigan prisoner Christine Chester ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that she is being held in violation of her constitutional rights. Petitioner pleaded guilty to embezzlement of $100,000 or more, MICH. COMP. LAWS § 750.174(7), and forgery, MICH. COMP. LAWS § 750.248, in the Wayne County Circuit Court and was sentenced to concurrent terms of 7 to 20 years imprisonment and 1½ to 14 years imprisonment in 2010. In her petition, she raises claims concerning the validity of her sentence and the effectiveness of counsel.

      Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary

consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claims are unexhausted and now barred by procedural default, such that the petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

**II.     Facts and Procedural History**

Petitioner was originally charged with embezzlement of $100,000 or more, forgery, uttering and publishing, obtaining money by false pretenses, using a computer to commit a crime, and embezzlement by an administrator, executor, or guardian, as well as being a fourth habitual offender, in Wayne County Case No. 10-005899-01-FH and with forgery, uttering and publishing, obtaining money by false pretenses, using a computer to commit a crime, uttering and publishing a forged financial transaction device, and forgery of a financial transaction device, as well as being a fourth habitual offender, in Wayne County Case No. 10-005816-01-FH.

On October 13, 2010, Petitioner pleaded guilty to embezzlement in Case No. 10-005899-01-FH and to forgery in Case No. 10-005816-01-FH in exchange for the dismissal of the other charges and the sentencing enhancements. On December 8, 2010, the trial court sentenced her to concurrent terms of 7 to 20 years imprisonment and 1½ to 14 years

imprisonment on those convictions.

Petitioner did not pursue a direct appeal in the Michigan appellate courts following her convictions and sentencing. In 2012, however, she filed a motion for relief from judgment with the state trial court raising sentencing and ineffective assistance of counsel claims. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3), finding that Petitioner failed to establish good cause for failing to raise the issues on direct appeal or actual prejudice. The court explained that Petitioner was sentenced within the sentencing guideline range in accordance with her plea agreement, that Petitioner failed to support her scoring arguments or show that her sentence was invalid, and that Petitioner failed to establish that defense counsel was ineffective. *People v. Chester*, Nos. 10-005816-01-FH, 10-005899-01-FH (Wayne Co. Cir. Ct. Dec. 13, 2012). Petitioner did not pursue an appeal of that decision in the Michigan appellate courts.

Petitioner dated her federal habeas petition on November 8, 2013. She raises the following claims as grounds for relief:

> I. She was denied due process and equal protection under the law when she was sentenced to an upward departure from the sentencing guidelines range due to improper PRV and OV scoring.
>
> II. Ineffective assistance of counsel (for failure to object at sentencing).

The Court has not required Respondent to file an answer to the petition.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed her petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides the following standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

**IV.** <u>**Analysis**</u>

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Each issue must be properly raised before both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must also be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record shows that Petitioner did not pursue a direct appeal in the state courts

and first raised her habeas claims on collateral review in her motion for relief from judgment before the state trial court. The trial court denied relief. Petitioner did not seek leave to appeal that decision in the Michigan appellate courts. Consequently, her habeas claims are unexhausted. Moreover, she no longer has an available means by which to fully exhaust state court remedies. First, any attempt to complete the appellate process on collateral review would be untimely. The trial court denied Petitioner's motion for relief from judgment on December 13, 2012. She then had six months to file an application for leave to appeal with the Michigan Court of Appeals. MICH. CT. R. 6.508(F). She did not do so. Second, any attempt to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment. *Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner's sentencing and ineffective assistance of counsel claims do not fall within the exceptions for filing a second motion.

Because Petitioner has not fully exhausted her habeas claims in the state courts and no longer has an available remedy by which to do so, her claims are now defaulted. When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, she has procedurally defaulted those claims for purposes of federal habeas review. *See Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules

5

waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

In this case, Petitioner neither alleges nor establishes cause to excuse this procedural default. Any deficiencies by defense counsel relative to Petitioner's direct appeal are immaterial because Petitioner could have still properly exhausted her habeas claims by completing the state court appellate process after the trial court denied her motion for relief from judgment. A prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. Her claims are thus

barred by procedural default and do not warrant habeas relief.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner failed to fully exhaust her habeas claims in the Michigan appellate courts and those claims are now barred by procedural default. Her habeas petition must be denied and dismissed with prejudice.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling and Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and

**DISMISSED WITH PREJUDICE**.

    **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that

leave to proceed *in forma pauperis* on appeal is **DENIED**.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: December 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2013, by electronic and/or ordinary mail.

        S/Johnetta M. Curry-Williams
        Case Manager
        Acting in the Absence of Carol A. Hemeyer